**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 22-cr-334 (JEB)** |
| | : | |
| **MIKHAIL SLYE,** | : | |
| | : | |
| **Defendant.** | : | |

**MOTION IN *LIMINE* TO PRECLUDE**
**CERTAIN DEFENSE ARGUMENT ENTRAPMENT BY ESTOPPEL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following motions in *limine* to preclude the following defense arguments and admission of evidence during trial in this case.

**1. This Court Should Preclude the Defendants from Arguing Entrapment by Estoppel**

The defendant should be prohibited from making arguments or attempting to introduce evidence that law enforcement gave permission to the defendant to enter the U.S. Capitol. "To win an entrapment-by-estoppel claim, a defendant criminally prosecuted for an offense must prove (1) that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was responsible for *interpreting*, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation." *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (emphasis added) (quoting *United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018)).

In *Chrestman*, another judge of this Court rejected an entrapment by estoppel argument raised by a January 6th defendant charged with, *inter alia*, violations of 18 U.S.C. §§ 1512(c)(2),

1752(a)(1) and (b)(1)(A) and 1752(a)(2) and (b)(1)(A). Although *Chrestman* involved an argument that former President Trump gave the defendant permission *to* enter the Capitol building, the reasoning in *Chrestman* applies equally to an argument that a member of law enforcement gave permission to the defendant to enter the Capitol building. As another judge of this District reasoned in *Chrestman*, "*Cox* unambiguously forecloses the availability of the defense in cases where a government actor's statements constitute 'a waiver of law' beyond his or her lawful authority." *Chrestman*, 525 F. Supp. 3d at 32 (quoting *Cox v. Louisiana*, 379 U.S. 559, 569 (1965)).

Just as "no President may unilaterally abrogate criminal laws duly enacted by Congress as they apply to a subgroup of his most vehement supporters," no member of law enforcement could use his authority to allow individuals to enter the Capitol building during a violent riot, and after "obvious police barricades, police lines, *and* police orders restricting entry at the Capitol" had already been put in place by the United States Capitol Police and the Secret Service. *Id*. at 32. Indeed, just last week, another judge of this Court ruled in another January 6 case that "the logic in *Chrestman* that a U.S. President cannot unilaterally abrogate statutory law applies with equal force to government actors in less powerful offices, such as law enforcement officers protecting the U.S. Capitol Building." Memorandum and Order, *United States v. Williams*, No. 21-cr-377-BAH, at *2 (D.D.C. June 8, 2022).

Even if the defendant could establish that a member of law enforcement told them that it was lawful to enter the Capitol building or allowed them to do so, the defendant' reliance on any such statement would not be reasonable in light of the "obvious police *barricades*, police lines, and police orders restricting entry at the Capitol." *Chrestman*, 525 F. Supp. 3d at 32. Accordingly,

the defendant should be prohibited from arguing that their conduct was lawful because law enforcement allegedly told them it was.

**2. This Court Should Preclude the Defendant from Arguing that Alleged Inaction by Law Enforcement Officers Made Their Conduct on January 6, 2021 Legal**

In addition to prohibiting any defense arguments that law enforcement actively communicated to the defendant that entering the Capitol building or grounds was lawful, the Court should also bar the defendant from arguing that any failure to act by law enforcement rendered their conduct legal. The same reasoning that applied in *Chrestman* again applies here. That is, like the Chief Executive, a Metropolitan Police Officer or Capitol Police Officer cannot "unilaterally abrogate criminal laws duly enacted by Congress" through his or her purported inaction. *Chrestman*, 525 F. Supp. 3d at 33. An officer cannot shield an individual from liability for an illegal act by failing to enforce the law or ratify unlawful conduct by failing to prevent it. Indeed, another judge of this District recently expressly reached that conclusion in *Williams*. *Williams*, No. 21-cr-377-BAH, at *3 ("Settled caselaw makes clear that law officer inaction—whatever the reason for the inaction—cannot sanction unlawful conduct."). It should apply the same principle in this case. Accordingly, the defendant should be prohibited from arguing that their conduct was lawful because law enforcement officers allegedly failed to prevent it or censure it when it occurred.

**3. This Court Should Preclude the Defendant from Arguing or Presenting Evidence of Alleged Inaction by Law Enforcement Officers Unless the Defendant Specifically Observed or Was Otherwise Aware of Such Conduct**

The government acknowledges that the conduct of law enforcement officers may be relevant to the defendant's state of mind on January 6, 2021. However, unless the defendant shows that, at the relevant time, they specifically observed or were otherwise aware of some alleged inaction by law enforcement, such evidence is irrelevant to the defendant's intent. Federal Rule

of Evidence 401 states that evidence is relevant if it "has any tendency to make a fact more or less probable … and the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, if the defendant was not aware of law enforcement's alleged inaction at the time of their entry onto restricted grounds or into the Capitol building (or at the time he committed the other offenses charged in the Information), any alleged inaction would have no bearing on the defendant's state of mind and therefore would not meet the threshold for relevance. Again, another judge of this district recently adopted the same reasoning in granting an analogous motion *in limine*. *See Williams*, No. 21-cr-377-BAH, at *3-4. The Court should reach the same conclusion in this case and should exclude testimony and evidence of any alleged inaction by the police as irrelevant, except to the extent the defendant shows that they specifically observed or were aware of the alleged inaction by the police when they committed the offenses charged in the Indictment.

**4. This Court Should Preclude the Defendant from Arguing in a Manner That Encourages Jury Nullification, Whether During *Voir Dire* or During Trial**

The defendant should be prohibited from making arguments or attempting to introduce non-relevant evidence that encourages jury nullification. As the D.C. Circuit has made clear,

> A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law. Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

*United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983). Evidence that only serves to support a jury nullification argument or verdict has no relevance to guilt or innocence. *See United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975); *see also United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) ("No reversible error is committed when evidence, otherwise inadmissible under Rule 402 of the Federal Rules of Evidence, is excluded, even if the evidence might have encouraged the jury to disregard the law and to acquit the defendant").

The government has identified the following subject areas, which are not relevant to the issues under consideration by the jury and could serve as an improper invitation for the jury to nullify its fact-finding and conclusions under the law.

The defendant may claim that he has been unfairly singled out for prosecution because of his political views, and that—at the very least—his conduct does not merit felony charges. But a "selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). Regardless of whether alleged discrimination based on political views is a proper basis for challenging the indictment—which the defendant has not claimed to date—it has no place in a jury trial. *See United States v. King*, No. CR-08-002-E-BLW, 2009 WL 1045885, at *3 (D. Idaho Apr. 17, 2009) ("The Court will therefore exclude any evidence or argument as to selective prosecution at trial."); *United States v. Kott*, No. 3:07-CR-056 JWS, 2007 WL 2670028, at *1 (D. Alaska Sept. 10, 2007) (where defendant, in response to government's expressed concern that defendant might use challenged evidence to claim selective prosecution at trial, the defendant "abjured any effort to" to make such a claim, "[t]he court will enforce that promise").

The defendant may face significant prison time were he to be found guilty in this case. The government will request that the Court give a commonplace instruction that the jury should not concern itself with a possible sentence in the event of a conviction. *See United States v. Feuer*, 403 F. App'x 538, 540 (2d Cir. 2010) (unpublished). The defendant should not be permitted to arouse the jury's sympathy by introducing any evidence or attempting to argue about the possible sentence in this case. These circumstances have no bearing on the defendant's guilt and invite jury nullification. *See United States v. Bell*, 506 F.2d 207, 226 (D.C. Cir. 1974) ("evidence which has

the effect of inspiring sympathy for the defendant or for the victim … is prejudicial and inadmissible when otherwise irrelevant") (internal citation omitted); *United States v. White*, 225 F. Supp. 514, 519 (D.D.C 1963) ("The proffered testimony (which was clearly designed solely to arouse sympathy for defendant) was thus properly excluded.").

**CONCLUSION**

For the reasons set forth herein, the United States respectfully requests that this Court preclude improper argument or evidence related to entrapment by estoppel, that law enforcement's alleged inaction rendered the defendants' actions lawful, any evidence or argument relating to alleged inaction by law enforcement except to the extent that the defendants specifically observed or were otherwise aware of such conduct at the relevant time, and improper jury nullification argument.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By: /s/ Andrew J. Tesman
Andrew J. Tessman
Assistant United States Attorney
WV Bar No. 13734
District of Columbia - Detailee
United States Attorney's Office
601 D Street, NW
Washington, DC 20530
(304)-345-2200
andrew.tessman@usdoj.gov